**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and | § | |
| STATE OF OKLAHOMA *ex rel.* | § | |
| STEPHEN DEAN, | § | |
| | § | |
| Plaintiffs, | § | Civil Action No. 4:14-CV-203 |
| | § | |
| v. | § | Judge Mazzant |
| | § | |
| PARAMEDICS PLUS, LLC, | § | |
| EAST TEXAS MEDICAL | § | |
| CENTER REGIONAL HEALTHCARE | § | |
| SYSTEM, INC., EAST TEXAS MEDICAL | § | |
| CENTER REGIONAL HEALTH | § | |
| SERVICES, INC., EMERGENCY | § | |
| MEDICAL SERVICES AUTHORITY, | § | |
| and HERBERT STEPHEN WILLIAMSON, | § | |
| | § | |
| Defendants. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

**1.     Information regarding parties' Rule 26(f) conference.**

Counsel for the parties held the required Rule 26(f) conference on the morning of March 29, 2017 at the United States Attorney's Office in Plano, Texas.

**Counsel present for the United States:**

JAMES GILLINGHAM
Assistant U.S. Attorney
Eastern District of Texas
110 N. College Street, Suite 700
Tyler, Texas 75702
E-mail: James.Gillingham@usdoj.gov
(903) 590-1400
(903) 590-1436 (fax)
Texas State Bar # 24065295

1

JOSHUA M. RUSS
Assistant U.S. Attorney
Eastern District of Texas
101 East Park Blvd., Suite 500
Plano, Texas 75074
E-mail: Josh.M.Russ@usdoj.gov
(972) 509-1201
(972) 509-1209 (fax)
Texas State Bar # 24074990

CLAIRE L. NORSETTER
Trial Attorney
United States Department of Justice, Civil Division
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044
Email: Claire.L.Norsetter@usdoj.gov
(202) 307-1112
(202) 307-3852 (fax)
New York State Bar # 5169867

RANDI D. RUSSELL
Assistant U.S. Attorney, Chief, Civil Division
United States Attorney's Office
Eastern District of Texas
110 N. College Street, Suite 700
Tyler, Texas 75702
E-mail: Randi.Russell@usdoj.gov
(903) 590-1400
(903) 590-1436 (fax)

BRIT FEATHERSTON
United States Attorney
Eastern District of Texas
350 Magnolia Street, Suite 150
Beaumont, Texas 77701
(409) 839-2538

**Counsel present for the State of Oklahoma:**

CHRISTOPHER P. ROBINSON
Assistant Attorney General
Oklahoma Office of the Attorney General
313 N.E. 21st Street
Oklahoma City, Oklahoma 73105
Email: Christopher.Robinson@oag.ok.gov
(405) 522-2968
(405) 522-4875 (fax)
Oklahoma State Bar # 31204

**Counsel present for Stephen Dean:**

PATRICK J. O'CONNELL
Law Offices of Patrick J. O'Connell PLLC
2525 Wallingwood, Bldg. 14
Austin, Texas 78746
E-mail: pat@pjofca.com
(512) 852-5918
Texas State Bar # 15179900

JAMES HALEY
Law Offices of Patrick J. O'Connell PLLC
2525 Wallingwood, Bldg. 14
Austin, Texas 78746
E-mail: jim@pjofca.com
(512) 852-5918

DAVID P. DEAN
James & Hoffman P.C.
1130 Connecticut Avenue, NW, Suite 950
Washington, D.C. 20036
E-mail: dpdean@jamhoff.com
(202) 496-0500
(202) 496-0555 (fax)
D.C. Bar # 437030

DANIEL ROSENTHAL
James & Hoffman P.C.
1130 Connecticut Avenue, NW, Suite 950
Washington, D.C. 20036
E-mail: dmrosenthal@jamhoff.com
(202) 496-0500
(202) 496-0555 (fax)
D.C. Bar # 1010473

**Counsel present for Paramedics Plus, LLC, East Texas Medical Center Regional Healthcare System, Inc., and East Texas Medical Center Regional Health Services, Inc. ("ETMC Defendants"):**

OTIS CARROLL
Ireland, Carroll & Kelley, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
E-mail: otiscarroll@icklaw.com
(903) 561-1600
(903) 581-1071 (fax)
Texas State Bar # 03895700

THOMAS JOHN WARD
Ward, Smith & Hill, PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
903-757-6400
903-757-2323 (fax)
tjw@wsfirm.com
Texas State Bar # 20848000

MANDY CARROLL NELSON
Ireland Carroll & Kelley
6101 S Broadway
Suite 500
Tyler, Texas 75703
(903) 561-1600
(903) 581-1071 (fax)
mnelson@icklaw.com

MICHAEL C. COKER
Adams & Coker, P.C.
4540 Kinsey Drive
Tyler, Texas 75703
(903) 581-1196
(903) 581-1407 (fax)
mikecoker@adams-coker.com
Texas State Bar # 04527100

MICHAEL YOUNG
Sanders, O'Hanlon, Motley & Young
111 S. Travis Street
Sherman, TX 75090
(903) 892-9133
Michael.young@somlaw.net

SCOTT STEVENS
Stevens Henry, PLLC
222 N. Fredonia Street
P O Box 3427
Longview, Texas 75606
(903) 753-6760
(903) 753-6761 (fax)
scott@stevenshenry.com
Texas State Bar # 00792024

DAVID HENRY
Stevens Henry, PLLC
222 N. Fredonia Street
P O Box 3427
Longview, Texas 75606
(903) 753-6760
(903) 753-6761 (fax)
david@stevenshenry.com
Texas State Bar # 24027015

**Counsel present for Emergency Medical Services Authority:**

PAUL COGGINS
Locke Lord LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
E-mail: pcoggins@lockelord.com
(214) 740-8104
(214) 756-8104 (fax)
Texas State Bar # 04504700

BRENDAN GAFFNEY
Locke Lord LLP - Dallas
2200 Ross Ave, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8616
(214) 756-8616 (fax)
bgaffney@lockelord.com
Texas State Bar # 24074239

ROBERT NANCE (via teleconference)
Riggs, Abney, Neal, Turpen, Orbison & Lewis
528 N.W. 12th Street
Oklahoma City, Oklahoma 73103
(405) 843-9909
(405) 842-2913 (fax)


**Counsel present for Herbert Stephen Williamson:**

SARAH Q. WIRSKYE
Meadows Collier
901 Main Street, Suite 3700
Dallas, Texas 75202
E-mail: swirskye@meadowscollier.com
(214) 744-3700
(214) 747-3732 (fax)
Texas State Bar # 24007885

CHARLES M. MEADOWS, JR.
Meadows Collier
901 Main Street, Suite 3700
Dallas, Texas 75202
E-mail: cmeadows@meadowscollier.com
(214) 744-3700
(214) 747-3732 (fax)
Texas State Bar # 13886700


2.      **Counsel who plan to attend Management Conference on May 16, 2017.**

At this time, the United States believes that Assistant United States Attorneys James Gillingham and Joshua Russ and Trial Attorney Claire Norsetter will attend the Scheduling Conference on behalf of the United States.

Assistant Attorneys General Niki Batt and Christopher Robinson will attend the Scheduling Conference on behalf of the State of Oklahoma.

For Relator, Patrick O'Connell intends to participate by phone, if possible, and David Dean will attend.

Paul Coggins and Brendan Gaffney will attend the Management Conference on behalf of Emergency Medical Services Authority.

At this time, counsel present for the ETMC Defendants believe Otis Carroll, Collin Maloney, T. John Ward, Roger Sanders, Mike Coker, Mandy Nelson, Scott Stevens and David Henry will attend.

At this time, Charles M. Meadows, Sarah Q. Wirskye and Matt Roberts plan to attend the Scheduling Conference on behalf of H. Stephen Williamson.


3.      **Name of parties to this action.**

The parties are correctly named in the caption above.


4.      **Information regarding related cases.**

Subsequent to the filing of this action and the partial intervention by the United States and Oklahoma, plaintiff Robert Young filed a class action in the United States District Court for the Northern District of Oklahoma, which includes claims against the defendants in this action.   The class action claims appear to be based, at least in part, on the claims alleged by the United States, Oklahoma, and Relator.   That case is styled *Robert Young v. East Texas Medical Center Regional Healthcare System, Inc., et al.*, Case No. 4:17-cv-00101-GKF-TLW.


5.      **Brief factual and legal synopsis of the case.**

(a)   This is a False Claims Act action brought against Paramedics Plus, LLC ("Paramedics Plus"), East Texas Medical Center Regional Healthcare System, Inc. ("ETMC System"), East Texas Medical Center Regional Health Services, Inc. (together with ETMC System, "ETMC"), Emergency Medical Services Authority ("EMSA"), and Herbert Stephen Williamson ("Williamson") (together, "Defendants") by the United States, Oklahoma, and Relator (together, "Plaintiffs").   Plaintiffs contend that Defendants engaged in an illegal kickback scheme under both federal and state anti-kickback laws.   Plaintiffs contend that ETMC offered and paid millions of dollars in various forms of remuneration in order to obtain and retain an ambulance services contract controlled and awarded by EMSA and Williamson.

(b)   The United States alleges three claims for relief under the False Claims Act:  31 U.S.C. § 3729(a)(1)(A), (B), and (C).   The United States claims that Defendants (i)

knowingly presented or caused to be presented to the United States false or fraudulent claims for payment; (ii) knowingly made, used, and caused to be made and used false records and statements to get false or fraudulent claims paid or approved by the United States; and (iii) knowingly conspired to violate 31 U.S.C. §§ 3729(a)(1)(A) and (B) and to defraud the United States by causing the Medicare and Medicaid Programs to pay for false claims.   In addition, the United States alleges three common law claims:  fraud, unjust enrichment, and payment by mistake.   The common law claims arise out of the same alleged misconduct that underlies the United States' Anti-Kickback Statute allegations.

(c)      The State of Oklahoma alleges three claims for relief under the Oklahoma Medicaid False Claims Act:   63 O.S. § 5053.1(B)(1), (2), and (3).   The State of Oklahoma claims that Defendants (i) knowingly presented or caused to be presented to the Oklahoma Medicaid Program false or fraudulent claims for payment or approval; (ii) knowingly made, used, or caused to be made or used false records or statements to get false or fraudulent claims paid or approved by the Oklahoma Medicaid Program; and (iii) knowingly conspired to defraud the State of Oklahoma by causing the Medicaid Programs to allow or pay for false or fraudulent claims.   The State of Oklahoma alleges two claims for relief under the Oklahoma Medicaid Program Integrity Act:   56 O.S. § 1005(A)(1) and (2) and 56 O.S. § 1005(A)(6).   The claims under the Oklahoma Medicaid Program Integrity Act arise out of the same alleged misconduct that underlies the State's Oklahoma Medicaid False Claims Act claims for relief.   In addition, the State of Oklahoma alleges three common law claims:   fraud, unjust enrichment, and civil conspiracy.   The common law claims arise out of the same alleged misconduct that underlies the State's Oklahoma Medicaid False Claims Act and Oklahoma Medicaid Program Integrity Act claims for relief.

 (d)      EMSA denies that it engaged in a kickback scheme in violation of federal and state anti-kickback laws.   Rather, EMSA contends that it had a legal profit cap agreement with its ambulance subcontractor, Paramedics Plus, under which Paramedics Plus returned an agreed upon amount of excess profits (profits exceeding 12% and, later, 10.5% of Paramedics Plus's gross revenue) to EMSA.   EMSA also denies that it submitted any false claims to the United States or the State of Oklahoma in violation of the federal or state False Claims Act.   EMSA further denies that it is liable for fraud, civil conspiracy, unjust enrichment, or payment by mistake.   EMSA's denial of the United States' and Oklahoma's claims in this matter are further detailed in EMSA's briefing of its Motions to Dismiss (Dkt. #s 48, 70).

(e)      The ETMC Defendants deny Plaintiffs' allegations of a "kickback scheme" in violation of the federal Anti-Kickback Statute. The ETMC Defendants contend that the profit-cap agreement between Paramedics Plus and EMSA was not prohibited by the Anti-Kickback Statute, but was instead a legal cost-savings arrangement that reduced EMSA's costs and ultimately benefited taxpayers in Oklahoma.   In addition, and as shown in their Motions to Dismiss (Dkt. Nos. 49, 50, 72, 73), the ETMC Defendants contend that Plaintiffs' allegation of a fifteen-year "kickback scheme" is completely implausible, because Plaintiffs cannot show even one purported "kickback" within *eight years* after the so-called "scheme" began, and because the vast majority of the profit-cap payments and all

of the alleged gifts and political contributions described in Plaintiffs' pleadings occurred *after* (in most cases, several months and even years after) EMSA awarded Paramedics Plus its last contract.

The ETMC Defendants further contend that Plaintiffs have not sufficiently alleged (and cannot prove) the elements of the federal False Claims Act, the Oklahoma False Claims Act, and their respective common-law causes of action.   In addition, the ETMC Defendants contend that the State of Oklahoma cannot state a cause of action against them under the Oklahoma Medicaid Program Integrity Act and that Plaintiffs have not sufficiently alleged *any* cause of action against "the ETMC System" or "ETMC Services."

Finally, the ETMC Defendants contend that, while Plaintiffs purportedly seek hundreds of millions of dollars in damages in this case, Plaintiffs have not alleged (and they cannot prove) that Medicare or Medicaid lost any money as a result of the profit-cap agreement, and, consequently, Plaintiffs cannot prove *any actual* damages in this case.

(f)   Williamson also denies Plaintiffs' allegations of a "kickback scheme," in violation of federal and state anti-kickback laws and he also denies that he violated the federal and Oklahoma False Claims Acts.   Williamson further denies that he is liable for the alleged common law claims.   Instead, Williamson contends that the profit cap was a legal pricing mechanism in EMSA's contract with Paramedics Plus. Williamson further denies he entered into a secret kickback agreement with Anthony Myers, and he denies that he received any checks or cash from Paramedics Plus.   He further denies that the profit cap was hidden by him.   Williamson's denial of the United States' and Oklahoma's claims are further discussed in Williamson's Motions to Dismiss (D.E. #58 and #79).


**6.      Information regarding jurisdiction.**

This action involves a federal question.   Jurisdiction over this action is conferred upon this Court by 31 U.S.C. § 3732(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

Supplemental jurisdiction over the state law claims is conferred on this Court by 28 U.S.C. § 1367(a) and 31 U.S.C. § 3732(b).


**7.      Information regarding anticipated additional or potential parties.**

None known at this time.


**8.      Information regarding initial disclosures under Rule 26(a)(1)(B).**

The parties are not exempt from initial disclosures.

9.     **Information in accordance with Rule (26)(f)**

   a.     **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on limited issues (For example, whether fact and expert discovery be conducted in phases.);**

   At this time, the United States and State of Oklahoma believe that, at a minimum, discovery will be necessary into the individuals involved in the alleged kickback scheme, documents relevant to the alleged schemes, including emails and other electronic correspondence, the amounts paid or transferred by or among Defendants and by whom, Defendants' accounting and banking records, Defendants' healthcare and other compliance programs, Defendants' knowledge, willfulness, and other evidence of mental state of Defendants' employees.

   The United States, Oklahoma, Relator, EMSA, and Williamson propose completing discovery in phases. As set forth in their proposed scheduling order, attached hereto as Appendix 1, these parties are proposing that the parties complete fact discovery prior to commencing expert discovery. ETMC System, ETMC Services, and Paramedics Plus (collectively the "ETMC Defendants") have proposed a competing schedule, attached hereto as Appendix 2.  The ETMC Defendants' proposed scheduling order tracks the Court's standard form, which does not conduct discovery in phases.

   b.     **Any issues relating to disclosure and discovery of electronically stored information (ESI), including the form(s) in which it should be produced;**

   This case will involve significant amounts of ESI.   The parties' proposed "Order and Stipulation Regarding Discovery Procedure" establishes guidelines for the collection, preservation, and production of ESI.

   c.     **Any changes that should be made in the timing, form, or requirement for disclosures under Rule 26(a), including when the initial disclosures were made or will be made:**

   The Court ordered the parties to complete initial mandatory disclosures on or before April 28, 2017.  (Dkt. #55, Order Governing Proceedings.)  The ETMC Defendants intend to produce Confidential or Attorneys Eyes Only Documents once the parties agree on or the Court enters a Protective Order.

   d.     **The steps already taken or that will be taken for preserving discoverable information, including ESI;**

   The United States has already taken steps to preserve all relevant information, including ESI, surrounding the United States' claims.

The State of Oklahoma has already taken steps to preserve all relevant information, including ESI, surrounding the State of Oklahoma's claims.

Relator has already taken steps to preserve all relevant information, including ESI, surrounding Relator's claims.

EMSA has already taken steps to preserve all relevant information, including ESI, surrounding the claims and defenses in this lawsuit.

Williamson has already taken steps to gather and preserve all relevant information, including ESI, surrounding Plaintiffs' claims

The ETMC Defendants have already taken steps to gather and preserve all relevant information, including ESI, surrounding Relator's claims.

**e.** **Any issues relating to claims of privilege or protection, including whether any agreement has been reached as to inadvertent production;**

During the course of the United States' investigation prior to its partial intervention, EMSA produced substantial electronic documents to the United States Attorney's Office for the Eastern District of Texas.  In February 2016, counsel for the United States discovered potentially privileged correspondence in EMSA's production and immediately alerted EMSA's prior counsel of a potential inadvertent disclosure of privileged material.  Prior counsel for EMSA requested that the United States partition certain documents responsive to specific search terms into a separate portion of the United States' database.  The United States agreed but requested a privilege log from EMSA.  EMSA's prior counsel provided the United States a "Preliminary Privilege Designation List" on June 3, 2016.  EMSA claimed privilege on many documents, but EMSA's prior counsel did not produce EMSA's complete privilege log until April 26, 2017.  The United States believes EMSA may have waived any claim of privilege covering these produced documents.  Accordingly, the United States expects that these privilege issues will need to be sorted out early in discovery.

EMSA maintains that it has not waived privilege and that the production of privileged documents was inadvertent.

The parties continue to discuss the possibility of submitting a discovery order in this case.

The parties have exchanged drafts of a proposed protective order in this action, which will also address the treatment of "confidential" and "confidential-attorneys' eyes only" information.

**f.     Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.**

The parties anticipate taking more than 10 depositions each under Rules 30 and 31, and the parties therefore request that the Court issue an order increasing the number of depositions each party is entitled to take without obtaining leave of the Court to 20 depositions per party.   Depositions of corporate representatives will only count as one deposition, regardless of the number of actual witnesses presented for such depositions.   Leave of Court may be sought for additional depositions under the Rules.

Plaintiffs anticipate needing to issue more than 25 interrogatories on other parties, as set forth under Rule 33.   Plaintiffs therefore request that the Court issue an order increasing the number of interrogatories each party is entitled to issue on another party to 50 interrogatories.   Leave of Court may be sought for additional interrogatories under the Rules.

EMSA does not anticipate needing to issue more than 25 interrogatories on each of the other parties.   EMSA also opposes the United States' request that the Court issue an order increasing the number of interrogatories that each party is entitled to issue, as the 50 interrogatories requested by Plaintiffs could require EMSA to respond to an excessive number of interrogatories.   EMSA requests that the Court limit interrogatories to the 25 interrogatories allowed for each party as set forth under Rule 33.   Leave of Court may be sought for additional interrogatories under the Rules.

The ETMC Defendants believe that 25 interrogatories per party as set forth under Rule 33 is appropriate, and any amount over and above that number would be unduly burdensome on Defendants.

Williamson believes that 25 interrogatories per party as set forth under Rule 33 is appropriate, and any amount over and above that number would be unduly burdensome on Defendants.

**g.     Information regarding additional orders to be entered.**

The parties intend to submit a proposed "Order and Stipulation Regarding Discovery Procedure," which will address the treatment of inadvertently produced material as well as a proposed protective order to address the treatment of "confidential" and "confidential-attorneys' eyes only" information.

**10.    Identity of persons expected to be deposed by Plaintiffs.**

At this time, and subject to modification and supplementation, Plaintiffs anticipate taking oral depositions of some or all of the following before the close of discovery:

- Corporate representatives for each corporate/organization Defendant;
- Herbert Stephen Williamson;
- ETMC/Paramedics Plus compliance officer(s);
- Ronald Schwartz (Paramedics Plus Executive);
- Anthony Farmer (Paramedics Plus Executive)
- Rodney Dyche (Paramedics Plus Executive);
- Elmer Ellis (ETMC Executive);
- Byron Hale (ETMC Executive);
- Kent Torrence (EMSA Executive);
- Ann Laur (EMSA Executive);
- Angie Lehman (EMSA Executive);
- Joanne McNeil (Former Paramedics Plus Employee);
- Glenn LeLand (Former Paramedics Plus Employee);
- Tom Wagner (Former Paramedics Plus Executive);
- Randy Strozyk (Former ETMC Executive);
- Ann Singer (Former EMSA Executive);
- Tina Wells (Former EMSA Executive);
- Lara Winham and/or Lara O'Leary (EMSA Employee(s));
- Ed Shadid (Former EMSA Board Member);
- Various ETMC/Paramedics Plus paramedics/EMTs;
- Various former and current EMSA Board members;
- Dewey Bartlett (Former Tulsa Mayor);
- Doug Dowler (Oklahoma City Budget Director);
- Maria Bianchi (American Ambulance Association Executive);
- Stephen Dean; (Relator)
- Frank Gresh (EMSA Employee);
- Jeffrey Goodloe (Former EMSA Medical Director);
- Jim Orbison (EMSA Transactional Attorney);
- Mark Postma (Paramedics Plus Executive);
- Gary A. Jones (Oklahoma State Auditor);
- John Sacra (Former EMSA Medical Director);
- Mike Albright (EMSA Accounting Manager).

Plaintiffs further anticipate taking the depositions of all expert witnesses identified by the other parties in this matter.

**Identity of persons expected to be deposed by Defendants.**

At this time, and subject to modification and supplementation, EMSA anticipates taking oral depositions of some or all of the following before the close of discovery:

- Corporate representative for Paramedics Plus;
- Herbert Stephen Williamson;
- ETMC/Paramedics Plus compliance officer(s);
- Dewey Bartlett (Former Tulsa Mayor);
- Vickie Beyer (Director, Tulsa Management Review Office);
- Maria Bianchi (American Ambulance Association Executive);
- Michael Brink (Former consultant for Tulsa Management Review Office);
- Stephen Dean (Relator);
- David Dean (Counsel for Relator);
- Doug Dowler (Budget Director, Oklahoma City)
- Suzanne Edwards (Paramedics Plus Employee);
- Elmer Ellis (ETMC Executive);
- Anthony Farmer (Paramedics Plus Executive);
- Byron Hale (ETMC Executive);
- Gary A. Jones (Oklahoma State Auditor and Inspector);
- Ann Laur (Former EMSA employee);
- Derek Lemke (Former outside accountant for Paramedics Plus);
- Glenn LeLand (Former Paramedics Plus Employee);
- Joanne McNeil (Former Paramedics Plus Employee);
- Lara O'Leary (Former Public Relations Officer, Paramedics Plus);
- Lillian Perryman (Former EMSA Board Member);
- John Peterson (Paramedics Plus Executive);
- Mark Postma (Paramedics Plus Executive);
- Dr. John Sacra (Former Medical Director, EMSA);
- Jeannie Sacra (Former Paramedics Plus employee);
- Ronald Schwartz (Paramedics Plus Executive);
- Dr. Ed Shadid (Former EMSA Board Member);
- Ann Singer (Former EMSA Executive);
- Jack Stout (Former Paramedics Plus Consultant);
- Charlie Swinton (Former Candidate for Oklahoma City Council);
- Michael Taigman (Former Paramedics Plus Consultant);
- Jill Tichenor (Outside auditor for EMSA);
- Tom Wagner (Former Paramedics Plus Executive);
- Tina Wells (Former EMSA Executive);
- Various ETMC/Paramedics Plus paramedics/EMTs; and Various former EMSA Board members.

Williamson - at this time, and subject to modification and supplementation, in addition to the witnesses identified by the Government, Williamson anticipates taking oral depositions of some or all of the following before the close of discovery:

- Kent Torrence
- Frank Gresh
- Ann Laur
- Ann Singer
- Kelly Brewer
- Laura O'Leary
- Lillian Perryman
- Other EMSA Board of Trustee Members
- Stephen Dean
- Glenn Leland
- Ronald Schwartz
- Tony Farmer
- Suzanne Edwards
- John Peterson
- Mark Postma
- Tom Wagner
- Joanne McNeill
- Dewey Bartlett
- Members of the Medical Control Board with knowledge of relevant facts
- Dr. John Sacra
- Dr. Jeffrey Goodloe
- Maria Bianca
- Jerry Overton
- Jack Stout
- Oklahoma State Auditor – Gary A Jones
- Jay Fitch
- Chris Koepsel
- Jim Orbison
- David Werfel
- Brian Werfel
- Kristin Hughes
- Jill Tichenor
- BKD Accounting Firm Representative
- Current and Former Oklahoma City Council Members
- Current and Former Tulsa City Council Members
- Margaret Earling
- Michael Brink

- Doug Dowler
- Oklahoma Office of the Attorney General Representative

In addition, Williamson anticipates taking the depositions of all expert witnesses identified by the other parties in this matter.


ETMC Defendants - at this time, and subject to modification and supplementation, in addition to the witnesses identified by the Government, the ETMC Defendants anticipate taking oral depositions of some or all of the following before the close of discovery:

- Members of the Medical Control Board with knowledge of relevant facts;
- Ed Rose;
- Jerry Overton;
- Suzanne Edwards;
- AMR;
- Oklahoma State Auditor;
- Vic Albert;
- John Peterson;
- Mike Taigman;
- Fitch and Associates;
- Lillian Perryman;
- EMSA Board – selection committee;
- Kris Koepsel (Riggs Abney);
- Jim Orbison (Riggs Abney)

In addition, the ETMC Defendants anticipate taking the depositions of all expert witnesses identified by the other parties in this matter.


**11.     Proposed scheduling order deadlines.**

The parties disagree with respect to the proposed scheduling order and have submitted separate proposed orders as Appendix 1 and Appendix 2. The United States, Oklahoma, Relator, EMSA, and Williamson believe that volume of discovery anticipated in this case, which could easily involve in excess of 50 fact depositions, cannot be completed within the time periods contemplated by the Court's standard scheduling order. Accordingly, these parties have proposed a schedule that provides additional time for discovery. The proposed schedule also proposed conducting fact discovery and expert discovery in phases.

The ETMC Defendants believe that the Court's standard scheduling order is sufficient and are proposing adopting that schedule in this case.

12. **Information regarding settlement.**

   a. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.**

   Counsel for the parties have discussed the possibility of settlement on multiple occasions, both before and after the United States and Oklahoma partially intervened in this action.   Counsel for the parties remain amenable to discussing settlement possibilities, and some discussions with individual defendants are ongoing.

   b. **Describe what each party has done or agreed to do to bring about a prompt resolution of this case.**

   The parties have not taken any steps to bring about a prompt resolution of this case other than discussing the possibility of settlement and the Defendants filing motions to dismiss.

   c. **State whether a demand and an offer have been made.**

   The United States, on behalf of all federal health care programs, has made multiple, Defendant-specific settlement demands, both before and after the United States and Oklahoma partially intervened in this action.   Defendants have each, at various points, made settlement offers.

   d. **If the parties have agreed on a specific mediator, state the name and address of the mediator and at what stages of the litigation mediation is most appropriate.**

   **Plaintiffs' Position:**   The parties have not agreed on a mediator. The Defendants have proposed Judge David Folsom (retired). The United States, Relator, and Oklahoma propose Judge Harlan A. Martin (retired).   Mediation would be most appropriate after the close of discovery.

   **Defendants' position:**   The ETMC Defendants proposed the Honorable David Folsom during the 26f conference held in Plano on March 29, 2017. At that time, the other Defendants agreed to Judge Folsom. The parties agreed that counsel for the ETMC defendants would verify Judge Folsom's availability and report back. The ETMC Defendants did so, confirming Judge Folsom's willingness to serve for the estimated two day mediation in the fall of 2017. However, Plaintiffs could not agree to Judge Folsom and instead proposed Retired Judge Harlan Martin from Dallas JAMS. The ETMC Defendants will continue to discuss this important decision with counsel for Plaintiffs in order to report finally to the Court in advance of the May 16, 2017 conference.

**13.    Information regarding trial before a United States Magistrate Judge.**

The parties do **not** consent to trial before a United States Magistrate Judge.

**14.    Information regarding jury demand.**

A timely jury demand has been made in this action.

**15.    Information regarding the number of hours each party will need to present evidence and cross-examine witnesses in the trial of this case.**

At this point, if trial is necessary, the parties believe they will each need approximately 32 hours to present evidence and cross-examine witnesses.

**16.    Information regarding pending motions.**

- Dkt. #48 – Defendant Emergency Medical Services Authority's Motion to Dismiss Pursuant to Rules 12(b)(6) and 9(b);
- Dkt. #49 – Paramedics Plus, LLC's Motion to Dismiss;
- Dkt. #50 – Defendants East Texas Medical Center Regional Healthcare Services, Inc.'s and East Texas Medical Center Regional Healthcare System, Inc.'s Motion to Dismiss;
- Dkt. #58 – Defendant Herbert Stephen Williamson's Motion to Dismiss and in the Alternative Motion to Strike;
- Dkt #64 – Relator's Unopposed Motion for Voluntary Dismissal of Pinellas County Medical Services Authority;
- Dkt. #70 – Defendant Emergency Medical Services Authority's Motion to Dismiss the State of Oklahoma's Complaint in Partial Intervention Pursuant to Rules 12(b)(6) and 9(b) and Brief in Support by Emergency Medical Services Authority.;
- Dkt. #72 – Defendant Paramedic Plus, LLC's Motion to Dismiss the State of Oklahoma's Complaint in Partial Intervention Pursuant to Rules 12(b)(6) and 9(b);
- Dkt. #73 – Defendants East Texas Medical Center Regional Healthcare Services, Inc.'s and East Texas Medical Center Regional Healthcare System, Inc.'s Motion to Dismiss  the State of Oklahoma's Complaint in Partial Intervention Pursuant to Rules 12(b)(6) and 9(b);
- Dkt. #79 – Defendant Herbert Stephen Williamson's Motion to Dismiss and in the Alternative Motion To Strike and Memorandum Of Law in Support Thereof Pursuant to Rules 12(B)(6) and 9(B); and
- Dkt. #94 – Unopposed Motion for Voluntary Dismissal of Alameda County, California.

**17.**     **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the Scheduling Conference.**

*See* privilege issues discussed above at 9(e).  In addition, the ETMC Defendants have indicated to Plaintiffs that they might seek discovery of Department of Justice and United States Attorney's Office attorney communications, including communications with Relator and non-intervened defendants.   The United States contends that these communications are either privileged, work-product material, and/or not relevant to a claim or defense in the partially intervened action.

**18.**     **Proposed Dates for Scheduling.**

See Appendix 1 and Appendix 2 for competing, proposed scheduling orders.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General, Civil Division

BRIT FEATHERSTON
Acting U.S. Attorney, Eastern District of Texas

_____*/s/ Joshua M. Russ*_____
JAMES GILLINGHAM
Assistant U.S. Attorney
Eastern District of Texas
Lead Attorney (per L.R. CV-11(a)(1))
110 N. College Street, Suite 700
Tyler, Texas 75702
E-mail: james.gillingham@usdoj.gov
(903) 590-1400
(903) 590-1436
Texas State Bar # 24065295
JOSHUA M. RUSS
Assistant U.S. Attorney
Eastern District of Texas
101 East Park Blvd., Suite 500
Plano, Texas 75074
E-mail: josh.m.russ@usdoj.gov
(972) 509-1201
(972) 509-1209 (fax)
Texas State Bar # 24074990

_____*/s/ Claire L. Norsetter*_____
MICHAEL D. GRANSTON
ANDY J. MAO
CLAIRE L. NORSETTER
Attorneys, Civil Division
United States Department of Justice
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044
Email:  Claire.L.Norsetter@usdoj.gov
(202) 307-1112
(202) 307-3852 (fax)

**ATTORNEYS FOR THE
UNITED STATES OF AMERICA**

20

MIKE HUNTER
Oklahoma Attorney General

   /s/ Christopher P. Robinson
CHRISTOPHER P. ROBINSON
Assistant Attorney General
Lead Attorney (per L.R. CV-11-(a)(1))
313 N.E. 21st Street
Oklahoma City, OK 73105
Email: Christopher.Robinson@oag.ok.gov
Phone: (405) 522-2968
Fax: (405) 522-4875
By *Pro Hac Vice*
Oklahoma State Bar # 31204

NIKI S. BATT MILACEK
Assistant Attorney General
313 N.E. 21st Street
Oklahoma City, OK 73105
Email: Niki.Batt@oag.ok.gov
Phone: (405) 522-2956
Fax: (405) 522-4875
By *Pro Hac Vice*
Oklahoma State Bar # 20157

**ATTORNEYS FOR THE STATE
OF OKLAHOMA**

   */s/Patrick J. O'Connell*
Patrick J. O'Connell
Bar No. 15179900
Jim Haley
Texas Bar No. 08739500
**LAW OFFICES OF PATRICK J. O'CONNELL PLLC**
2525 Wallingwood Dr., Bldg. 14
Austin, TX 78746
(512) 852-5918 (PJO phone)
pat@pjofca.com

David P. Dean
D.C. Bar No. 437030
Daniel Rosenthal
D.C. Bar No. 1010473
James & Hoffman P.C.
1130 Connecticut Avenue, NW, Suite 950
Washington, DC 20036
(202) 496-0500 (DD phone)
(202) 496-0500 (DR phone)
dpdean@jamhoff.com
dmrosenthal@jamhoff.com

**COUNSEL FOR PLAINTIFF
RELATOR STEPHEN DEAN**

By: */s/ Otis Carroll*
Otis W. Carroll, Jr.
State Bar No. 03895700
Collin M. Maloney
State Bar No. 00794219
Mandy Nelson
State Bar No. 24055270
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway Ste. 500
Tyler, TX 75703
(903) 561.1600
otiscarroll@icklaw.com
cmaloney@icklaw.com
mnelson@icklaw.com

T. John Ward
State Bar No. 20848000
WARD, SMITH, & Hill PLLC
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757.6400
tjw@wsfirm.com

22

Michael C. Coker
ADAMS & COKER, P.C.
State Bar. No. 04527100
4540 Kinsey Drive
Tyler, TX 75703
(903) 581.1196
mikecoker@adams-coker.com

Scott E. Stevens
State Bar No. 00792024
David P. Henry
State Bar No. 24027015
STEVENS | HENRY
P.O. Box 3427
Longview, Texas 75606
Telephone: (903) 7536760
Fax: (903) 753-6761
scott@stevenshenry.com
david@stevenshenry.com

Kyle J. Nelson
State Bar No. 24056031
NELSON LAW FIRM
5380 Old Bullard Rd., Ste 600-187
Tyler, Texas 75703
(903) 561-8449
kyle@knelsonlaw.com

**ATTORNEYS FOR THE ETMC
DEFENDANTS**

By:/s/  *Paul E. Coggins*
**Paul E. Coggins**
Attorney-in-Charge
Texas Bar No. 04500700
pcoggins@lockelord.com
**Brendan P. Gaffney**
Texas Bar No. 24074239
bgaffney@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas    75201-6776
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)

**ATTORNEYS FOR EMERGENCY MEDICAL
SERVICES AUTHORITY**


/s/ Charles M. Meadows, Jr.
Charles M. Meadows, Jr.
Texas Bar No. 13886700
cmeadows@meadowscollier.com
Sarah Q. Wirskye
Texas Bar No. 24007885
swirskye@meadowscollier.com
Matthew L. Roberts
Texas Bar No. 24098330
mroberts@meadowscollier.com

**Meadows, Collier, Reed, Cousins, Crouch &
Ungerman, L.L.P.**
901 Main Street, Suite 3700
Dallas, Texas 75202
(214) 744-3700
(214) 747-3732 (fax)

**ATTORNEYS FOR DEFENDANT HERBERT
STEPHEN WILLIAMSON**

## **CERTIFICATE OF SERVICE**

I hereby certify, on this 2nd day of May 2017, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronically filing the same through the Court's electronic filing system.


     */s/ Joshua M. Russ*
JOSHUA M. RUSS