# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, CALIFORNIA STATE OF, EX REL., FLORIDA STATE OF, EX REL., OKLAHOMA STATE OF, EX REL., and STEPHEN DEAN, RELATOR | § § § § § § § | |
| v. | § § | Civil Action No. 4:14-CV-00203 Judge Mazzant |
| PARAMEDICS PLUS LLC, EMERGENCY MEDICAL SERVICES AUTHORITY, EAST TEXAS MEDICAL CENTER REGIONAL HEALTHCARE SYSTEM INC, HERBERT STEPHEN WILLIAMSON, and EAST TEXAS MEDICAL CENTER REGIONAL HEALTH SERVICES INC | § § § § § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Emergency Medical Services Authority's ("EMSA") Motion to Dismiss Pursuant to Rules 12(b)(6) and 9(b) (Dkt. #48), Paramedics Plus, LLC's ("Paramedics Plus") Motion to Dismiss (Dkt. #49), Defendants East Texas Medical Center Regional Healthcare Services, Inc.'s ("ETMC Services"), and East Texas Medical Center Regional Healthcare System, Inc.'s ("ETMC System") (collectively, "ETMC") Motion to Dismiss (Dkt. #50), Defendant Herbert Stephen Williamson's ("Williamson") Motion to Dismiss and in the Alternative Motion to Strike (Dkt. #58), Defendant EMSA's Motion to Dismiss the State of Oklahoma's Complaint in Partial Intervention Pursuant to Rules 12(b)(6) and 9(b) (Dkt. #70), Paramedics Plus's Motion to Dismiss the State of Oklahoma's Complaint in Partial Intervention (Dkt. #72), Motion of Defendants ETMC Services and ETMC System to Dismiss the State of Oklahoma's Complaint in Partial Intervention (Dkt. #73), and Defendant Williamson's Motion to

Dismiss and in the Alternative Motion to Strike (Dkt. #79). The Court, having considered the relevant pleadings, finds that the motions to dismiss should be denied.

## BACKGROUND

Taking as true the facts in the current complaints, EMSA operates a Public Utility Model of ambulance services in Tulsa and Oklahoma City. EMSA owns ambulances but does not employ drivers, emergency medical technicians, paramedics, or other personnel that perform health care services. EMSA contracts with private companies to provide these services and then EMSA submits the bills to Medicare, Oklahoma Medicaid, private payors, and patients. When submitting these claims to Medicare and Oklahoma Medicaid, EMSA had to certify compliance with all applicable statutes including the False Claims Act ("FCA") and Anti-Kickback Statute ("AKS").

From 1994 through 1998, EMSA contracted with American Medical Response ("AMR"). In 1997, EMSA began seeking other options to determine if it could find another contractor with the same quality of service for a lower price. While looking, Williamson, president of EMSA, attended a conference where he met Anthony Myers, an executive at ETMC[1], a not-for-profit health care system headquartered in Tyler, Texas. Following this meeting, ETMC formed a new Texas limited liability company, Paramedics Plus.

With Paramedics Plus newly developed, ETMC, Paramedics Plus, and, Williamson, on behalf of EMSA, allegedly agreed that EMSA would award Paramedics Plus the contract in exchange for Paramedics Plus paying back any profits over twelve percent. After this agreement, Williamson recommended the selection of Paramedics Plus to the EMSA Board of Trustees ("the Board"), yet did not disclose the agreement to the Board. The Board awarded Paramedics Plus the

---

[1] The Government and the State of Oklahoma sued ETMC Services and its subsidiary, ETMC System. ETMC Services, ETMC System, and Paramedics Plus are all referred to together throughout the complaints. While the Court finds the complaints state a plausible claim for relief, moving forward, the Government and Oklahoma will need to prove either a theory to pierce the veil or show each entity's individual actions that are in violation of the FCA.

contract for five years; however, the parties did not memorialize the pay-back agreement in the contract. EMSA and Paramedics Plus renewed and amended the contract several times and never reduced the pay-back agreement to writing.

Between 2006 and 2013, ETMC and Paramedics Plus paid over $20 million in cash to EMSA, Williamson, and other EMSA employees. ETMC and Paramedics Plus also paid for Williamson's travel expenses, which were unrelated to the contract between the parties. One such payment coming the same day as the 2008 contract, which provided for another five-year extension. In addition to travel expenses, in December 2010, ETMC and Paramedics Plus purchased steaks for Williamson valued at $1,334.70. Additionally, ETMC paid for frequent spa visits for Williamson. Finally, ETMC and Paramedics Plus made political contributions to Oklahoma politicians, at the request of Williamson.[2]

Based on this set of facts, the United States and the State of Oklahoma intervened in this case for violations of the FCA, the Oklahoma Medicaid False Claims Act, the Oklahoma Medicaid Program Integrity Act, and various tort claims. These violations are based on the alleged false certification of compliance with the AKS.

## APPLICABLE LAW

*12(b)(6) Motion to Dismiss*

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[2] Williamson moved to strike these portions of the complaint; however the Court finds these portions to be material and pertinent to the allegations at hand.

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This

evaluation will "be a context-specific task that requires the reviewing [C]ourt to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

*FCA Violations and Federal Rule of Civil Procedure 9(b)*

Claims brought under the FCA are fraud claims that must comply with Federal Rule of Civil Procedure 9(b). *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.,* 417 F.3d 450, 453 (5th Cir. 2005). Rule 9(b) is a heightened pleading standard that requires parties to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b); *see U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010). Rule 9(b) "prevents nuisance suits and the filing of baseless claims as a pretext to gain access to a 'fishing expedition.'" *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 191 (5th Cir. 2009).

However, this requirement "does not 'reflect a subscription to fact pleading.'" *Grubbs,* 565 F.3d at 186. Pleadings alleging fraud must contain "simple, concise, and direct allegations of the circumstances constituting the fraud which . . . must make relief plausible, not merely conceivable, when taken as true." *Id.* (internal quotations omitted). The Fifth Circuit requires plaintiffs to "specify the statements intended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997); *Nathenson v. Zonagen, Inc.*, 267 F.3d 400, 412 (5th Cir. 2001)). Therefore, Rule 9(b) requires the complaint to set forth "the who, what, when, where, and how of the alleged fraud." *U.S. ex rel. Stephenson v. Archer W.*

*Contractors, L.L.C.*, 548 F. App'x 135, 139 (5th Cir. 2013) (citing *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

That said, the traditional "time, place, contents, and identity standard is not a strait jacket for Rule 9(b)." *Grubbs*, 565 F.3d at 190. Rule 9(b) "is context specific and flexible and must remain so to achieve the remedial purpose of the False Claim[s] Act." *Id.* Therefore, "a plaintiff may sufficiently 'state with particularity the circumstances constituting fraud or mistake' without including all the details of any single court-articulated standard[.]" *Id.* at 188. However, "[f]ailure to comply with Rule 9(b)'s requirements authorizes the Court to dismiss the pleadings as it would for failure to state a claim under Rule 12(b)(6)." *U.S. ex rel. Williams v. McKesson Corp.*, No. 12-0371, 2014 WL 3353247, at *3 (N.D. Tex. July 9, 2014) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

*False Claims Act*

The FCA "is the Government's 'primary litigation tool' for recovering losses resulting from fraud." *U.S. ex. rel. Marcy v. Rowan*, 520 F. 3d 384, 388 (5th Cir. 2008). The FCA establishes liability for "any person who—(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claims; [or] (C) conspires to commit a violation of [the FCA]." 31 U.S.C. § 3729(a)(1)(A)-(C). "Generally, in considering liability under the FCA, the Fifth Circuit focuses on '(1) whether there was a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that cause the government to pay out money or to forfeit moneys due (i.e., that involved a claim).'" *United States v. Vista Hospice Care, Inc.*, 2016 WL 3449833, at *16 (N.D.

6

Tex. June 20, 2016) (citing *Gonzalez v. Fresenius Med. Care N. Am.*, 689 F.3d 470, 475 (5th Cir. 2012)).

### *AKS Violations as an FCA Violation*

"Under a false certification theory, a defendant may be liable where a claimant 'falsely certifies compliance with a statute or regulation.'" *Vista Hospice Care*, 2016 WL 3449833, at *16 (quoting *Grubbs*, 565 F.3d at 188). As such, "[a] violation of the AKS can serve as a basis for a FCA claim when the Government has conditioned payment of a claim upon the claimant's certification of compliance with the statute, and the claimant falsely certifies compliance." *U.S. ex rel. Nunnally v. W. Calcasieu Cameron Hosp.*, 519 F. App'x 890, 894 (5th Cir. 2013) (citing *Thompson*, 125 F.3d at 903). In such a case, "[t]he elements of the AKS violation must also be pleaded with particularity under Rule 9(b), because they are brought as a FCA claim." *Id.* (citing *U.S. ex rel. Bennett v. Medtronic*, 747 F. Supp. 2d 745, 760, 783–85 (S.D. Tex. 2010)). "To show an AKS violation, a relator must [adequately plead][3] that a defendant: (1) knowingly and willfully (2) solicited or received, or offered or paid remuneration (3) in return for or to induce, referral or program-related business." *Vista Hospice Care*, 2016 WL 3449833, at *21 (citing 42 U.S.C. § 1320a-7b(b)(1)-(2)).

## ANALYSIS

After reviewing the current complaints, the motions to dismiss, the responses, the replies, and the sur-replies, the Court finds that the Government and Oklahoma have stated plausible claims for purposes of defeating a Rule 12(b)(6) motion to dismiss.

---

[3] The Court replaces prove with plead because this is a motion to dismiss as opposed to a motion for summary judgment.

## CONCLUSION

It is therefore **ORDERED** Defendant Emergency Medical Services Authority's Motion to Dismiss Pursuant to Rules 12(b)(6) and 9(b) (Dkt. #48), Paramedics Plus, LLC's Motion to Dismiss (Dkt. #49), Defendants East Texas Medical Center Regional HealthCare Services, Inc.'s and East Texas Medical Center Regional Healthcare System, Inc.'s Motion to Dismiss (Dkt. #50), Defendant Herbert Stephen Williamson's Motion to Dismiss and in the Alternative Motion to Strike (Dkt. #58), Defendant EMSA's Motion to Dismiss the State of Oklahoma's Complaint in Partial Intervention Pursuant to Rules 12(b)(6) and 9(b) (Dkt. #70), Paramedics Plus's Motion to Dismiss the State of Oklahoma's Complaint in Partial Intervention (Dkt. #72), Motion of Defendants Services and System to Dismiss the State of Oklahoma's Complaint in Partial Intervention (Dkt. #73), and Defendant Williamson's Motion to Dismiss and in the Alternative Motion to Strike (Dkt. #79) are hereby **DENIED**.

**SIGNED this 25th day of October, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE